**John H. NORBERG, Tax Administrator**

v.

**ESTATE OF Ruth F. MARWELL.**

**No. 83–133–M.P.**

Supreme Court of Rhode Island.

Oct. 27, 1983.

Joseph M. DiOrio, Tobin & Silverstein Incorporated, Robert S. Bruzzi, Wistow, Barylick & Bruzzi, Providence, for petitioner.

Marcia McGair Ippolito, Legal Officer/RI Division of Taxation, Providence, for respondent.

ORDER

This petition for certiorari filed pursuant to the pertinent provisions of the Administrative Procedures Act, to wit, G.L.1956 (1977 Reenactment) § 42–35–16, asks for a

review of the District Court's grant of the State Tax Administrator's petition for the issuance of a writ of execution against the petitioner, Joseph Marwell, individually and as the executor of the estate of Ruth F. Marwell. The administrator for the Division of Taxation seeks the payment of inheritance taxes allegedly due the state.

On September 27, 1983, the administrator, through his counsel, appeared before this court in response to an order to show cause why the judgment of the District Court should not be summarily quashed. At the show-cause hearing, the administrator's counsel chided the executor for his failure to seek an "informal hearing" at the administrative level, explaining that had such a hearing been requested by the executor, the controversy might well have been resolved at that stage of the proceedings.

Further inquiry as to this informality disclosed that no mention of such a hearing is to be found within the rules promulgated by the Tax Administrator pursuant to the terms of G.L.1956 (1980 Reenactment) § 44–1–4. Neither the administrator nor the Division of Taxation can expect another to be conversant with an informal procedure that is not set forth in the rules.

Consequently, since no cause has been shown, the petition for certiorari is granted, the writ of execution previously issued is quashed, and this case is remanded to the Division of Taxation, where the petitioner can have the hearing that apparently in the past has been afforded informally to others.